Rafael Buscaglia, Treasurer of Puerto Rico, Petitioner, *v.* Tax Court of Puerto Rico, Respondent.

No. 29. Argued May 28, 1945.—Decided November 14, 1945.

Luis Negrón Fernández, Acting Attorney General, and A. D. Marchand Paz, Deputy Attorney General, for petitioner. Dubón & Ohcoteco, and Otero Suro & Otero Suro for the intervener, complainant in the main proceeding. Bar Association of Puerto Rico, represented by Attorneys Rafael O. Fernández, Jorge Luis Córdova, J. J. Ortiz Alibrán, and R. Rodríguez Lebrón, as amicus curiae. Daniel F. Kelley, as amicus curiae.

340

Mr. Justice de Jesús delivered the opinion of the court.

The law firm of Dubón & Ochoteco has asked us to reconsider our decision of May 21, 1945, in this case. The Bar Association of Puerto Rico and Attorney Daniel F. Kelley, respectively, asked leave to intervene as *amici curiae* which was granted, being notified that they should file their briefs within 15 days, serving notice on the adverse party, that is, on the Treasurer of Puerto Rico, who had 5 days thereafter to reply. The parties filed their briefs, Attorneys Dubón & Ochoteco, Attorney Kelley, and the Bar Association for, and the Treasurer of Puerto Rico against, the motion for reconsideration.

The facts of the case were set forth in the opinion on which our decision of May 21, 1945, *ante,* p. 9, was based, and therefore we deem it unnecessary to repeat them here. It suffices to state that the questions involved consisted in the determination of:

(*a*) Whether law firms are included in the term "*sociedad*" appearing in § 2(*a*) (3) of the Income Tax Act, and

(*b*) Assuming that they are, whether the partnership is entitled to deduct from its gross income a reasonable allowance for salaries and other compensation for personal services actually rendered by its members. Section 32 of the Income Tax Act.

I

As to the first question, we held that a law firm has a legal existence; that it is a legal entity distinct from its members; that it is one of the professional partnerships referred to in § 2 (*a*) (3) of the Act; and, consequently, as any other partnership it is bound to pay income tax. As regards this point, we have nothing to add to what we said in our original opinion.

II

Upon deciding the second question we held that, pursuant to § 1572 of the Civil Code, every partner is a debtor

to the partnership for whatever he has promised to contribute thereto; that as in the professional partnership every partner binds himself to contribute with his services, that is, his professional work, in exchange for which he receives the agreed share of the profits of the partnership, upon rendering said services he is doing nothing more that what he bound himself to do under the contract and the provisions of § 1572, and, consequently, upon the salary being fixed, the *sociedad* is not entitled to deduct it from its gross income.

However, § 2 (*a*) (3) of the Income Tax Act expressly provides that the term *"partnership"* includes civil, business, industrial, agricultural, and professional partnerships or of any other kind, whether or not its constitution is set forth by public deed or private document. And § 32 (*a*) (1) in turn provides that in computing the net income of a corporation or partnership subject to the tax imposed by § 28, there shall be allowed, among others, the deduction of a reasonable allowance for salaries or other compensation for personal services actually rendered. But since law firms are professional *partnerships* and § 32 (*a*) (1) allows the deduction to all partnerships, without excluding the professional ones, if we enforce § 2(*a*) (3) as well as 32(*a*) (1), we must conclude that a law firm, like the one herein, is entitled to deduct from its gross income the reasonable allowance paid to its members for personal services actually rendered to the *partnership*.

It may be argued that, as in the present case, the total income of the partnership is represented by the fees received by both members, this total amount represents the value of the services rendered by them to the *partnership,* for it should be presumed that the clients paid the corresponding fees for those services because they believed that the value collected was reasonable. But this argument overlooks the fact that the Act levies the tax not on the gross income but on the net income and that in order to compute the latter one must make the deductions granted by law among which we find the rea-

sonable salaries that the *partnership* paid to the partner or employee.

In the Law of Federal Income Taxation, contrary to what happens in Puerto Rico, *partnerships* are not included among the entities subject to the payment of said tax. Consequently, it is impossible to find a precedent directly applicable to the present case. But Mertens, in his attempt to explain what is understood by a reasonable salary in so far as a deduction by the taxpayer is concerned, states the following:

"*Factors to Be Considered in Determining Reasonableness.* In determining whether the particular salary or compensation payment is reasonable, the situation must be considered as a whole. Ordinarily no single factor is decisive. There are various tests which have been commonly applied in determining the reasonableness of the particular salary or compensation, such as the ratio of the particular salary and the aggregate salaries to gross income, the size of the particular business, the extent and scope of the employees' work, the employees' qualifications and contributions to the business venture, amount of salaries paid to the particular employee in prior years, general economic conditions, prevailing salaries paid to employees performing similar services in a comparable enterprise, the availability of others to fill the office held by the particular employee, and salary policy of the corporation as to all employees. . . . In the consideration of the discussion in the succeeding sections it is important to keep in mind that it seldom happens that the application of one test can give a satisfactory answer, and that ordinarily it is the interplay of several factors, properly weighted for the particular case, which must furnish the final answer." Section 25.51.

Applying by analogy Merten's theory to the professional *partnerships* in order to determine the reasonable salary in each case, the following factors, among others, should be taken into consideration: (*a*) professional standing of the person who rendered the services; (*b*) the average amount earned by an attorney of his standing in the community at the time that said services were rendered; and (*c*) the nature and volume of the work done. Cf. *P.R.Ry Lt. & P. Co.* v. *Buscaglia, Treas.*, 62 P.R.R. 572.

It is well known that the professional services of a person of scant experience and skill can not have the same value as those of an expert practitioner. If the reasonable value of the services of an employee or member were the total proceeds of the work contributed to the *partnership,* what profit would said *partnership* derive from employing such person? We should be constrained to conclude that in such a case the partner worked exclusively for himself and not for the *sociedad.* Consequently, in the present case, the *sociedad* is entitled to deduct from its gross income, not the whole amount of the fees received by its members, respectively, but the reasonable value of the services actually rendered by them computed in accordance with the factors we have set forth.

### III

■ The Treasurer accepted as reasonable the amount of $12,000 which each member received by way of salary; but he denied that the amount of $22,814.14 which in addition to the salary was equally distributed among the members, was, as claimed by the taxpayer, a reasonable additional compensation for services actually rendered by them, the Treasurer alleging on the contrary, that the payment of the latter amount was a mere distribution of profits. However, he expressly admitted in his pleadings and at the hearing before the Tax Court and later in this court, that if the amount of $11,407.07 had been received by each member in payment of services actually rendered, said payment, and even a higher amount, would have been reasonable.

In fact, the postition taken by the Treasurer with respect to the so-called additional compensation is not perfectly clear, but notwithstanding this ambiguity, in furtherance of justice, we should construe his pleadings liberally in the sense that his theory is that the payment of the additional compensation does not represent a reasonable salary for services actually rendered and, consequently, that it is not deductible from the gross income.

But the Tax Court, after a lengthy discussion wherein it erroneously held that law firms have no legal existence, and further arguing that, as in the case at bar, the compensation received by the firm constitutes its only income, which income "is closely related to the value of the personal services rendered by its members to its clients," reversed the decision of the Treasurer denying the deduction of the said item. The Tax Court, upon making this finding, did not apply the theory above stated to determine whether or not said deduction was a reasonable salary. On the contrary, it assumed, on the grounds which we have just stated, that the taxpayer was entitled to said deduction.

Since the holding of the Tax Court which the Treasurer sought to have reviewed through the petition for certiorari herein, is erroneous, the said holding should be annulled and the case remanded for a new hearing to determine whether or not the taxpayer is entitled to such deduction pursuant to hte principles set forth in this and in our original opinion, in so far as the latter has been modified by the present one.

The motion for reconsideration is granted and, consequetly, our original opinion, in so far as it is in conflict with the theory set forth in this opinion, is hereby reversed.